# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BAXTER INTERNATIONAL INC.,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| **AXA VERSICHERUNG AG,** | )  No. 11 C 9131<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Baxter International Inc. ("Baxter") has sued defendant AXA Versicherung AG ("AXA") for declaratory relief and breach of contract. This dispute arises from underlying claims against Baxter in what the parties refer to as the "Second Generation Litigation," a series of multi-district, international lawsuits against Baxter concerning allegedly contaminated blood products. Baxter seeks coverage under an insurance policy for defense and settlement expenses related to the underlying Second Generation Litigation. AXA moves to dismiss the complaint on the basis of a forum selection clause or, alternatively, the *forum non conveniens* doctrine. For the following reasons, AXA's motion is denied.[1]

Baxter is an Illinois-based company incorporated in Delware. In 1996, Baxter acquired the Austria-based, Swiss company Immuno Group ("Immuno"). At the time of the acquisition, Immuno was

---
[1] Plaintiff's motion to file a sur-response is granted.

insured by the German insurer Colonia Versicherung AG ("Colonia") and Baxter's subsidiary, Baxter AG, Vienna, was named as an additional policy holder on Immuno's policy ("Immuno policy"). The parties also added an endorsement stating that Baxter would be an additional insured on the Immuno policy with respect to claims arising out of products distributed by Immuno prior to the Baxter acquisition. In 1997, Colonia was acquired and changed its name to AXA Versicherung AG. At all times, the Immuno policy has contained a choice of law provision and a forum selection clause stating: "German law applies to any disputes arising from this insurance policy. The place of jurisdiction is Cologne."[2] Defendant argues that the complaint should be dismissed on account of this forum selection clause or, alternatively, based on the *forum non conveniens* doctrine.[3]

In determining whether plaintiff is bound by the forum selection clause here, I must answer two questions: (1) is the forum selection clause valid and mandatory; and (2) if so, is it enforceable. Generally, in determining whether a forum selection clause in a contract is valid, the law of the jurisdiction specified in a choice of law provision will govern. *Abbott Laboratories v. Takeda Pharm. Co., Ltd.*, 476 F.3d 421, 423 (7th

---

[2] The Immuno policy was written in German, and the translation quoted here was attached to the complaint by plaintiff. The parties dispute some aspects of the translation, but where relevant these are discussed below.
[3] The issue of personal jurisdiction, also raised in defendant's motion, has not yet been briefed.

Cir. 2007) ("Simplicity argues for determining the validity and meaning of a forum selection clause, in a case in which interests other than those of the parties will not be significantly affected by the choice of which law is to control, by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears."); *see also Rock Energy Co-op. v. Village of Rockton*, 614 F.3d 745, 750 (7th Cir. 2010) (applying the law specified by the parties as governing their memorandum of understanding to a clear forum selection clause).

Plaintiff's argument that *Abbott* also requires consideration of federal procedural law in determining the meaning and enforceability of the forum selection clause is unpersuasive. In a later decision, the Seventh Circuit characterized *Abbott* as holding "that the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Federal Cred. Union*, 512 F.3d 989, 991 (7th Cir. 2008). That the Seventh Circuit in *Abbott* discussed federal law as a point of comparison with the law of the jurisdiction specified in the contract's choice of law provision does not alter the ultimate holding of that case. Here, the determinative body of law for analyzing the forum selection clause is specified in a choice of law provision, the validity of which is not challenged. Therefore, under

binding Seventh Circuit precedent, I must look to German law in analyzing the issues presented by defendant's motion.

According to defendant, even though the choice of law clause identifies "German law" as the applicable body of law governing disputes arising from the insurance policy, for all practical purposes this means that I must apply the law of the European Union ("EU") governing jurisdictional matters. Specifically, defendant identifies Council Regulation 44/2001, 2000 O.J. (L 12) 6 (EC) (herinafter "Brussels I Regulation"), as the relevant body of EU law. Plaintiff argues that it would be anathema for a district court in the U.S. to apply the Brussels I Regulation because it is a body of procedural law that does not apply outside of the EU. Even if I accept the proposition that the validity of a forum selection clause would be a procedural issue in EU and/or German courts, I have already determined that Seventh Circuit law requires that I look to the law of the jurisdiction identified in the choice of law provision to determine the validity and enforceability of the forum selection clause in this case. Whether the jurisdiction identified—here, Germany—considers the validity and enforceability of a forum selection clause to be a procedural or substantive issue does not change the fact that the Seventh Circuit has already sent us to Germany for purposes of determining whether the forum selection clause is valid and enforceable. Plaintiff concedes that the

4

Brussels I Regulation is the body of law governing jurisdiction and forum selection clauses (or, jurisdiction clauses, as they are referred to in the EU) in Germany, and I will look to its rules in determining how EU/German law would interpret the forum selection clause in the insurance policy at issue here.

The parties' experts agree that under Article 23(1) of the Brussels I Regulation there is a rebuttable presumption of exclusivity for jurisdiction agreements.[4] In other words, a forum selection clause is mandatory unless there is evidence of the parties' contrary intent. The parties' experts spend some energy on defending their competing translations of the relevant language in the insurance policy: Plaintiff has translated the forum selection clause as "The place of jurisdiction *is* Cologne," whereas defendant contends that the more accurate translation is "The place of judicial jurisdiction *shall be* Cologne." However, as Prof. Zekoll notes, the distinction is one without a difference, as plaintiff has not presented any evidence showing that its preferred translation would impact whether there is a rebuttable presumption of exclusivity under Article 23(1) of the Brussels I Regulation. Instead, the thrust of plaintiff's argument is that it has overcome the presumption of exclusivity because the jurisdiction clause did not conform to the

---

[4] Plaintiff does not dispute the assessment of defendant's expert, Prof. Joachim Zekoll, that the jurisdiction clause meets the other requirements of Article 23(1).

5

requirements of the Brussels Convention, which was in force at the time the original insurance policy was issued in 1990 and also when plaintiff was added as an additional insured in 1996. Plaintiff argues that because the agreement would not have been valid at the time the parties executed the policy, it is not valid now. Plaintiff's expert, Prof. Ronald Brand, states that there is no case law interpreting Article 23 of the Brussels I Regulation and plaintiff has introduced no other evidence showing that any of the parties to the insurance policy agreed that the jurisdiction clause was not to have exclusive effect. By contrast, in his rebuttal declaration, Prof. Zekoll cites to competent evidence, including a decision of the Higher Regional Appellate Court of Celle, Germany, showing that either party's translation would be captured by the presumption of exclusivity in Article 23(1) and that the relevant inquiry is whether the jurisdiction clause is valid and exclusive under the Brussels I Regulation, regardless of when the insurance policy was issued. I conclude plaintiff has failed to overcome the presumption of exclusivity and the jurisdiction clause is valid and exclusive under the relevant German/EU law.

I now turn to the question of whether the clause is enforceable against plaintiff. By way of background, Section 3 of Chapter II of the Brussels I Regulation (Articles 8-14) sets forth the rules relating to where jurisdiction may be proper in

6

matters relating to insurance.  The parties agree that Article 13 allows for jurisdiction agreements among parties to an insurance contract only in limited circumstances and that the forum selection clause in the insurance policy here only fits into the situation described in Article 13(5).  Article 13(5) provides that a jurisdiction agreement between parties to an insurance contract will be valid if it "relates to a contract of insurance in so far as it covers one or more of the risks set out in Article 14."  Brussels I Regulation, art. 13(5).  In relevant part, Article 14 refers to "all 'large risks'" and the parties here assume that both the current policyholder, Immuno Management AG, and the additional insured, Baxter, meet the financial criteria for "large risks."  *See* Brussels I Regulation, art. 14(5).

Though the forum selection clause here technically falls under the situation defined in Article 13(5), plaintiff's expert, Prof. Brand, says the European Court of Justice's ("ECJ") decision in *Société Financière et Industrielle du Peloux v. Axa Belgium, et al.*, Case C-112/03, E.C.R. I-3707 (2005) (hereinafter "*SFIP*"), prevents its enforcement.  In *SFIP*, the ECJ considered whether a jurisdiction clause that was valid under Article 12(3) of the Brussels Convention, the predecessor to the Brussels I Regulation, was enforceable against an insured other than the policyholder.  Article 12(3) of the Brussels Convention allowed

for a policyholder and an insurer to enter into a valid jurisdiction agreement if both parties were residents of the same EU state and agreed to bring disputes in the courts of that state. The Brussels I Regulation, which went into force during the pendency of the SFIP litigation, contains a similar provision in Article 13. The difference between the Brussels Convention and the Brussels I Regulation is that the Brussels I Regulation introduced the "large risk" provision for the first time. Plaintiff, and Prof. Brand, reason that because *SFIP* held that a jurisdiction clause that was otherwise valid under Article 12 of the Brussels Convention was not enforceable against an insured who was not a party to the insurance policy, the forum selection clause here, which appears to be otherwise valid under Article 13 of the Brussels I Regulation, is not enforceable against plaintiff, a co-insured that was not originally a party to the insurance policy.

Defendant does not dispute that the ECJ is the final interpreter of the Brussels Convention and the Brussels I Regulation, nor does defendant contend that the ECJ's rulings are not binding on EU member states, including Germany. Instead, based on the fact that the "large risk" provision did not exist in the Brussels Convention, defendant argues that *SFIP* is inapposite. Defendant first contends that *SFIP* is inapplicable merely because it interprets the Brussels Convention and not the

Brussels I Regulation. However, a comparison of Article 12 of the Brussels Convention and Article 13 of the Brussels I Regulation reveals that, with the exception of "large risk" provision, the circumstances under which parties may enter into jurisdiction agreements are identical. There is therefore no reason on the face of the Brussels I Regulation that would invalidate the *SFIP* holding. Further, as Prof. Brand points out, the Brussels I Regulation had already come into force when the *SFIP* decision was issued and the ECJ referenced the Brussels I Regulation without limiting the applicability of its holding.

Relying heavily on the ECJ's characterization of the additional insured in that case as being the "economically weakest party," defendant also contends that because both the policyholder and additional insured here are "large risks," plaintiff cannot be considered an economically weak party and is not entitled to the protections afforded to insureds by the Brussels I Regulation. But the ECJ's decision in *SFIP* did not rely on a finding that the co-insured in that case was economically weak. Further, as plaintiff argues in its sur-response, "large risk" insureds are still protected by the Brussels I Regulation's rules governing proper forum and are only afforded greater freedom under the new regime to opt out of those rules. It remains that a "large risk" insured must affirmatively

9

agree to a forum otherwise prohibited by the Brussels I Regulation.

Defendant's expert, Prof. Zekoll, admits that there is no case law yet that addresses the applicability of the *SFIP* decision to either the Brussels I Regulation or the "large risk" exception contained therein but identifies two commentators who hypothesize that "large risks" may present an exception to the rule that a jurisdiction agreement is not binding on an insured who was not a party to the insurance contract. However, neither defendant's expert nor the commentator he discusses adequately addresses two points raised by Prof. Brand: (1) the *SFIP* decision reinforced the doctrine of separability, which provides that forum selection clauses are separable from the rest of the contract and that parties must separately consent to such clauses; and (2) the *SFIP* decision strengthened protections for insureds, even while giving "large risks" the ability to contract around the default jurisdictional rules. Considering these points, I conclude that under the binding ECJ decision in *SFIP*, an otherwise valid jurisdiction clause, even one that is valid under the "large risk" provision, cannot be enforced against an insured who was not a party to the insurance contract. Therefore, the forum selection clause here is unenforceable against plaintiff.

Defendant argues that even if the forum selection clause is unenforceable, I should still dismiss the case under the *forum non conveniens* doctrine. "The common law doctrine of *forum non conveniens* allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Clerides v. Boeing Co.*, 534 F.3d 623, 627-28 (7th Cir. 2008) (quoting *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005)). A court should only grant a motion to dismiss under *forum non conveniens* if the plaintiff's chosen forum is "oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience." *In re Bridgestone/Firestone, Inc.*, 420 F.3d at 703 (internal quotation marks and citations omitted). If the party seeking dismissal is able to identify an adequate alternative forum, a court must decide "to keep or dismiss the case by weighing various private and public factors." *Id.* at 704. Plaintiff does not dispute that the threshold inquiry is satisfied, as Cologne, Germany would constitute an adequate and available alternative forum.

Among the relevant private interest factors, defendant claims that they favor Cologne because there are a number of witnesses located in Germany. According to defendant, these include not only employees and former employees of AXA but also employees and former employees of Immuno and Jauch & Hübener, the

11

insurance broker that negotiated and issued the policy. Plaintiff counters that its own witnesses are located in the U.S. and that defendant has not supported its argument regarding the number and types of witnesses that would need to be available throughout the litigation. Plaintiff also points out that the attorneys who handled the underlying litigation, as well as the relevant documents, are located in Illinois. It is obvious that litigating here would be inconvenient for defendant, just as litigating in Germany would be inconvenient for plaintiff. One party will have witnesses who will need to travel no matter where this case is litigated. But defendant has not shown that the inconvenience would prove oppressive or vexatious. On balance, then, the private factors weigh equally for both parties.

As for the public interest factors, defendant argues primarily that because the Immuno policy is written in German and because German law will be applied to this dispute, Cologne is the favored forum. Defendant also argues that the German court system has a strong public interest in hearing this case, which depends on German contract and insurance law. However, the mere fact that a court will have to apply foreign law, alone, is "not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n. 29 (1981). Without more, defendant has failed to show that the public

interest factors require dismissal of this case under the *forum non conveniens* doctrine.

For the foregoing reasons, defendant's motion to dismiss on the grounds of the forum selection clause and the *forum non conveniens* doctrine is denied.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**

United States District Judge

Dated: November 7, 2012