IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Baxter International, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-cv-09131 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| AXA Versicherung, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case involves an insurance coverage dispute that stems from the second wave of lawsuits filed against Plaintiff Baxter International Inc. ("Baxter") and other drug companies by hemophiliacs who contracted the human immunodeficiency virus ("HIV") or Hepatitis C virus ("HCV") from using contaminated blood products. In this case, Baxter alleges that an insurance policy for which Defendant AXA Versicherung AG ("AXA") is the "Lead Insurer" covers the defense and settlement costs for the underlying claims arising from the use of contaminated blood products. Baxter seeks coverage only for losses relating to claimants who used a blood product distributed by the Immuno Group, which Baxter acquired in 1996, and were later infected with Hepatitis C. AXA contends that Baxter's losses are not covered under the policy. The matter is presently before the Court on Baxter's Motion for Order Requiring Increase of Security Posted by AXA [ECF No. 269].

I.

The Illinois Insurance Code requires an unauthorized foreign company, such as AXA, to register with the state or post pre-judgment security "in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in [this] action." 215 ILCS 5/123(5). On September 18, 2013, Judge Bucklo entered an Order [ECF No. 137] requiring AXA to post security in the amount of $15 million to comply with its statutory obligations under 215 ILCS 5/123(5). Before filing any pleading in this case, AXA posted the required security and answered Baxter's complaint, and the case proceeded.

On July 18, 2004, Judge Bucko entered a Memorandum Opinion and Order [ECF No. 222] denying Baxter's Motion for Summary Judgment. The threshold issue in Baxter's summary judgment motion was whether the court should apply Illinois or German law to the questions presented. The Court decided that German law governs this dispute. Judge Bucklo also denied Baxter's Motion to Reconsider Certain Aspects of the Court's Order of July 18, 2014 [ECF No. 225]. See [ECF No. 232]. In the Order denying Baxter's Motion to Reconsider, Judge Bucklo stated that she "will not entertain another dispositive motion from Baxter that simply repackages, refines, or elaborates on arguments that it made (or could have made) in its first motion for summary judgment." [ECF No. 232], at 4.

On July 29, 2015, Baxter moved to increase AXA's security from $15 million to $45 million based on its claimed new understanding of German law and an opinion provided by retired Judge Wilfried Terno, a German lawyer in private practice, who was retained by Baxter to provide an opinion on the merits of Baxter's claims. [ECF No. 269]. AXA opposes the Motion and, alternatively, argues that the Court instead should reduce AXA's security and permit AXA to withdraw its bond. Judge Bucklo referred Baxter's Motion to Increase Security to this Magistrate Judge for disposition. [ECF No. 282]. The parties finished briefing the issue in December 2015.

As identified above, the Illinois Security Act permits a court to fix an amount "sufficient to secure payment of any final judgment which may be rendered in such action." 215 ILCS 5/123(5). The "security provision of § 123(5) is not mandatory, but instead subject to the discretion of the court," and the "court has discretion to fashion suitable security." *Sphere Drake Ins. Ltd. v. All Am Life Ins. Co.*, 2003 WL 2295333, at *3 (N.D. Ill. Dec. 15, 2003). Significantly, the Act does not require a court to order an insurer to secure the highest final judgment a plaintiff claims it might achieve. Rather, the court should fix an amount "sufficient to secure payment of any final judgment which may be rendered in such action." 215 ILCS 5/123(5) (emphasis added). Interestingly, both Baxter and AXA argue, respectively, that its opponent has not cited any authority for the position it advocates. The Court recognizes that the Illinois Security Act does not specifically prohibit a court from re-setting the bond that an unauthorized foreign company is required to post. Nor does it specifically authorize a court to increase the security a foreign insurer is required to post after the initial pleading. As stated, the amount of the bond is committed to the discretion of the court.

II.

In this lawsuit, Baxter seeks indemnification from AXA for all costs reasonably incurred in defending and settling the second generation claims by hemophiliacs who allegedly contracted HCV from using an Immuno blood product. The parties disagree over how a clause in the policy at issue applies to second generation claimants who contracted HCV from using an Immuno product between 1970 and 1990. Baxter contends that AXA had a duty to defend it from the outset of the second generation litigation based on the potential that many claimants first consulted a physician regarding symptoms of their HCV infections during the Immuno policy's term (*i.e.*, March 1, 1990 until December 19, 2011). Among other arguments, AXA counters that a mere potential for coverage did not trigger its duty to defend Baxter during the second generation litigation.[1] This issue is hotly debated and not yet determined at this time.

Having considered all of the arguments raised in the parties' briefs, the Court is not inclined to exercise its discretion to alter the status quo for either Baxter or AXA at this time. The parties fought this battle before Judge Bucklo once, and Judge Bucklo entered an Order finding "that security in the amount of $15 million will be sufficient to secure any final judgment in this case." [ECF No. 137], at 6. Since that time, facts have been developed and arguments have been fine-

---

[1] Under a global settlement agreement signed in May 2009, Baxter paid more than $15.2 million to settle nearly 97 percent of the second generation claims. AXA did not contribute to Baxter's defense or settlement of these claims. *See* [ECF 222], at 2.

tuned, and Judge Bucklo has made substantive rulings that will have an impact on the final outcome of the case, including finding that German law governs this dispute. *See* [ECF No. 222], at 9-10. Judge Bucklo also rejected Baxter's Motion to Reconsider [ECF No. 225] the Court's decision declining to apply Illinois law and ordered the parties to proceed with discovery. [ECF Nos. 232, 249]. Significantly, Judge Bucklo also put Baxter on notice that she is not inclined "to entertain another dispositive motion from Baxter that simply repackages, refines, or elaborates on arguments that it made (or could have made)." [ECF No. 232], at 4.

Baxter had an opportunity before Judge Bucklo to make all of the arguments it now is making on its initial Motion for Bond Requiring AXA to Post Security Under 215 ILCS § 5/123 [ECF No. 67] and in response to AXA's Motion to Approve Security Pursuant to 215 ILCS § 5/123 [ECF No. 113]. It does not matter that Baxter has changed some of its tactics in light of interim court rulings. Judge Bucklo decided based on the record before her at the time that $15 million was the appropriate amount of security for AXA to post. That was $3 million dollars more than the relief identified in Baxter's complaint and almost $7 million more than AXA argued it should be required to post. By its own admission, Baxter now wants another bite at the apple. "Baxter . . . has now reconsidered its proposed allocation of defense costs in light of an Opinion recently obtained from a noted German jurist, Judge Wilfried Terno." Baxter's Opening Memorandum [ECF No. 270] at 3. That is well and good. And Baxter is correct, as it argues in its Reply Memorandum, that "Baxter is entitled to develop and revise its damages claims." Reply [ECF No. 318] at 4. But the Court does not have to go back and revisit decisions already made each time Baxter comes up with a new theory or argument that it believes better supports its case or its damage claims.

The bottom line is that Baxter has not convinced the Court that AXA's security should be increased nor has AXA persuaded the Court that its security should be reduced or that it should be given leave to withdraw the security posted in its entirety as it now requests. Many of the arguments raised by both parties go to the very heart of the substantive issues in this case. Those are issues that Judge Bucklo and/or a jury eventually will resolve based upon a more complete record than now is before the Court. There is no good reason to decide any of those issues now in the context of deciding whether to increase or decrease the security AXA has posted under the Illinois Security Act.

For all of the reasons discussed herein, Baxter's Motion for Order Requiring Increase of Security Posted by AXA [ECF No. 269] is denied, and AXA's request for relief in its opposition brief also is denied.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: January 19, 2016